UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

GABRIELA MARTINEZ-AMEZAGA,

                Plaintiff,

-against-

NORTH ROCKLAND CENTRAL SCHOOL DISTRICT a/k/a Haverstraw-Stony Point Central School District, et al.,

                Defendants.

ORDER

21-CV-00521 (PMH)

---

PHILIP M. HALPERN, United States District Judge:

    Counsel for all parties appeared today for oral argument in person in Courtroom 520. Oral argument was had on the record.

    For the reasons indicated on the record and law cited therein, the motion to dismiss filed by Defendants the North Rockland Central School District (the "District"), the Board of Education of the North Rockland Central School District (the "Board"), Ileana Eckert ("Eckert"), Eric Baird ("Baird"), Kris Felicello ("Felicello"), Farid Johnson ("Johnson"), Avis Shelby ("Shelby"), and Sarah Sorensen ("Sorensen"), pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (Doc. 28) is GRANTED IN PART as follows:

    Plaintiff's Third Claim for Relief, Fourth Claim for Relief, and Fifth Claim for Relief to the extent it purports to state a hostile work environment claim are dismissed. Plaintiff's claims against the individual defendants Eckert, Baird, Felicello, and Sorensen are dismissed. Plaintiff's First and Second Claims for Relief under Title VII are dismissed as alleged against the remaining individual defendants Johnson and Shelby. Plaintiff's fifth claim for relief under NYSHRL is dismissed as alleged against all defendants except Johnson and Shelby.

    The parties shall proceed to discovery on Plaintiff's First Claim for Relief only to the extent it alleges Title VII discrimination based on national origin against the District and Board;

Plaintiff's Second Claim for Relief only to the extent it alleges Title VII retaliation against the District and Board; and Plaintiff's Fifth Claim for Relief only to the extent it alleges NYSHRL discrimination and retaliation against Johnson and Shelby. See transcript.

Defendants the District, the Board, Johnson, and Shelby shall serve and file an Answer to the Amended Complaint by July 11, 2022. The parties shall meet and confer and file in accordance with Individual Practices Rule 2(B) the attached Civil Case Discovery Plan and Scheduling Order by July 18, 2022. The Court will separately docket an Order referring the parties to the court-annexed mediation program.

The Clerk of the Court is respectfully directed to terminate the pending motion (Doc. 28) and to terminate Eckert, Baird, Felicello, and Sorensen as parties herein.

SO ORDERED.

Dated: White Plains, New York
       June 9, 2022

_____
Philip M. Halpern
United States District Judge

*Revised May 2, 2022*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------X

                    Plaintiff(s),        **CIVIL CASE DISCOVERY PLAN
                                                                          AND SCHEDULING ORDER**

v.                                                                        _____CV_____(PMH)

                    Defendant(s).
-----------------------------------------------------X

    This Civil Case Discovery Plan and Scheduling Order is adopted, after consultation with counsel and any unrepresented parties, pursuant to Fed. R. Civ. P. 16 and 26(f):

1. All parties [consent] [do not consent] to conducting all further proceedings before a Magistrate Judge, including motions and trial, pursuant to 28 U.S.C. § 636(c). The parties are free to withhold consent without adverse substantive consequences. (If all parties consent, the remaining paragraphs of this form need not be completed and the parties shall file a fully executed Notice, Consent, and Reference of a Civil Action to a Magistrate Judge (form AO 85) using the ECF Filing Event "Proposed Consent to Jurisdiction by US Magistrate Judge" prior to the Initial Pretrial Conference at which time such scheduled conference will be cancelled.)

2. This case [is] [is not] to be tried to a jury.

3. Amended pleadings may not be filed and additional parties may not be joined except with leave of the Court. Any motion to amend or to join additional parties shall be filed by _____. (Absent exceptional circumstances, 30 days from date of this Order.)

4. Initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) shall be completed by _____. (Absent exceptional circumstances, 14 days from date of this Order.)

5. Fact Discovery

    a. All fact discovery shall be completed by _____. (Absent exceptional circumstances, a period not to exceed 120 days from date of this Order.)

    b. Initial requests for production of documents shall be served by _____.

    c. Interrogatories shall be served by _____.

    d. Non-expert depositions shall be completed by _____.

    e. Requests to admit shall be served by _____.

    f. Any of the interim deadlines in paragraphs 5(b) through 5(e) may be extended by the written consent of all parties without application to the Court, provided that all fact discovery is completed by the date set forth in paragraph 5(a).

6. Expert Discovery

    a. All expert discovery, including expert depositions, shall be completed by _____. (Absent exceptional circumstances, 45 days from date in paragraph 5(a); i.e., the completion of all fact discovery.)

    b. Plaintiff's expert disclosures pursuant to Fed. R. Civ. P. 26(a)(2) shall be made by _____.

    c. Defendant's expert disclosures pursuant to Fed. R. Civ. P. 26(a)(2) shall be made by _____.

    d. The interim deadlines in paragraphs 6(b) and 6(c) may be extended by the written consent of all parties without application to the Court, provided that all expert discovery is completed by the date set forth in paragraph 6(a).

7. Additional provisions required by Fed. R. Civ. P. 26(f) and agreed upon by the parties are attached hereto and made a part hereof.

8. ALL DISCOVERY SHALL BE COMPLETED BY _____. (Absent exceptional circumstances, this date should align with the close of expert discovery.)

9. The parties shall file a joint letter concerning settlement/mediation by _____. (Unless otherwise ordered by the Court, within 14 days after the close of fact discovery).

10.   a. Counsel for the parties have discussed an informal exchange of information in aid of an early settlement of this case and have agreed upon the following:

        _____
        _____
        _____

    b. Counsel for the parties have discussed the use of the following alternate dispute resolution mechanisms for use in this case: (i) a settlement conference before a Magistrate Judge; (ii) participation in the District's Mediation Program; and/or (iii) retention of a privately retained mediator. Counsel for the parties propose the following alternate dispute resolution mechanism for this case: _____
_____

    c. Counsel for the parties recommend that the alternate dispute resolution mechanism designated in paragraph b, be employed at the following point in the case (e.g. within the next sixty days; after the deposition of plaintiff is completed (specify date); after the close of fact discovery)_____
_____

    d. The use of any alternative dispute resolution mechanism does not stay or modify any date in this Order.

11. All motions and applications shall be governed by the Court's Individual Practices, including the requirement of a pre-motion conference before a motion for summary judgment is filed.

12. Unless otherwise ordered by the Court, within 30 days after the date for the completion of discovery, or, if a dispositive motion has been filed, within 30 days after a decision on the motion, the parties shall submit to the Court for its approval a Joint Pretrial Order prepared in accordance with the Court's Individual Practices. The parties shall also comply with the Court's Individual Practices with respect to the filing of other required pretrial documents.

13. The parties have conferred and their present best estimate of the length of the trial is _____.

14. This Civil Case Discovery Plan and Scheduling Order may not be modified or the dates herein extended without leave of the Court or the assigned Magistrate Judge acting under a specific order of reference (except as provided in paragraphs 5(f) and 6(d) above).

15. The Magistrate Judge assigned to this case is the Honorable _____.

16. If, after the entry of this Order, the parties consent to trial before a Magistrate Judge, the Magistrate Judge will schedule a date certain for trial and will, if necessary, amend this Order consistent therewith.

17. The next case management conference is scheduled for _____ at _____. (The Court will set this date at the initial conference.)

Dated: White Plains, New York
       _____

                                                SO ORDERED:

                                                _____
                                                Philip M. Halpern
                                                United States District Judge